DUDLEY OAKES & *al. versus* EDWARD J. CUSHING.

Where the plaintiff performed labor upon a vessel and charged it to the same, and afterwards requested payment therefor of the defendant, supposing him to be the owner; and the defendant wrote to the plaintiff, saying that he held the vessel for security, and that it did not belong to him to pay any bills on her, but at the same time that he was holden for them, and requested the plaintiff to take an order on a third person for the amount; this was held to be sufficient to authorize the jury to find a verdict for the plaintiff.

And as such labor increased the value of the security, that was held to be a sufficient consideration for the written promise of the defendant to pay therefor.

THIS was an action of assumpsit to recover of the defendant payment for work done on the schooner Respect in 1840.

The plaintiffs introduced their books in which "schooner Respect" is charged for the work. They also introduced a witness who testified that the plaintiffs did certain work upon the schooner in 1840, that he worked on her for them, and that I. Porter had run the vessel till she was repaired, and came on board several times, when she was undergoing her repairs, to oversee them, as he supposed. He did not know who run her after she was repaired. They then introduced the following letters:—

"Boston, May 25th, 1840.

"Dear Sir. Please send me by return of mail the amount

of all bills on the schooner Respect you now hold against her. Do not fail of sending as above, and much oblige

"Yours, E. J. Cushing.

"Directed to Dudley Oakes, Esq., Brewer, Maine."

"Boston, June 2d, 1840.

"Dear Sir. I received yours of 29th instant, this day, and would say in regard to my paying the bills of $131,48, on schooner Respect, I hold her for security and it does not belong to me to pay any bills on her, but at the same time am holden for them. I should wish you to take an order on Mr. I. Porter for the amount of same. If so, please send me word to that effect by William Gutterson, whom you will find at Messrs. Emery, Stetson & Co., Bangor. I wish to get the thing settled by Mr. Porter.　　　"Respectfully yours,

"E. J. Cushing.

"Directed to Dudley Oakes, Esq., Brewer, Maine."

This was all the evidence in the case, and upon it the counsel for the defendant requested the Judge to instruct the jury, that the defendant, being mortgagee out of possession and not having the control of the schooner, was not liable for repairs, except by reason of his admission in his letter of 29th June, and that if they were satisfied that admission was made under a misapprehension of his liability as mortgagee, he was not then bound; and that they were to pass upon the question whether there was a misapprehension of his liability from the whole letter and evidence in the case. ALLEN, the presiding District Judge, instructed the jury, that the defendant, being mortgagee, if he was out of possession, and had no control of the vessel, was not liable for repairs.

The Judge further instructed the jury, that the letter of 29th June amounted to an express promise to pay; and that the burthen of proof was upon the defendant to show further than had been disclosed, either by the letter or other evidence, that the promise was made upon a belief of his liability in consequence of his having security upon the schooner; that the letter was sufficient as a matter of law, unexplained by the evidence, to charge the defendant, and that the language of

the letter accompanying the admission, and the other evidence, was not sufficient to warrant them in finding that the promise was made under a misapprehension of his liability.

The verdict, was for the plaintiffs, and the defendant filed exceptions.

*Blake*, for the defendant.

*J. Godfrey*, for the plaintiffs.

The opinion of the Court was drawn up by

Tenney J. — This case comes before us on exceptions taken to the instructions of the Judge of the District Court to the jury. The plaintiffs performed labor upon the schooner Respect in 1840. The defendant wrote to Oakes, one of the plaintiffs, on May 25, 1840, requesting that the amount of all bills on the vessel which Oakes held against her, might be immediately sent to him. Subsequently he wrote again (in answer to a letter addressed to him by Oakes,) saying he held the vessel for security, and that it did not belong to him to pay any bills on her; but admitted, that he was holden for them; and then requested Oakes to take an order on Mr. I. Porter, who it appears had had some oversight of the repairs made by the plaintiffs, and who had previously run the vessel, stating as a reason for the request, that he wished to get the thing settled by Mr. Porter.

The counsel for the defendant contended, that the admission of liability was made under a misapprehension of his rights, and that therefore he ought not to be holden. The Judge instructed the jury that the evidence was not sufficient to warrant them to conclude, that he wrote under such misapprehension, and that the letters, unexplained, were sufficient to charge the defendant.

The import of the last letter is, that as between the defendant and Porter, the former ought not to pay the plaintiffs' claim, but that he was liable to the plaintiffs notwithstanding. There is nothing in the evidence showing that the defendant did not fully understand his rights. The letter does not ex-

plain the grounds of his admitted liability. He may have believed himself liable in consequence of his holding the vessel as security, without ever having had possession. But this reason for his belief is not given in the letter. He may have been holden by reason of a lien, which the plaintiffs had at one time, and which may have continued; or by his own promise before the repairs were made.

It is insisted for the defendant, that the promise contained in the letter, or implied thereby, was without consideration. The vessel was held by him as security, and we are to presume, that the security was increased by the repairs. This would be a sufficient consideration for a promise in writing, if no other existed.

*Exceptions overruled.*